COURT OF APPEALS OF VIRGINIA

Present:   Judges Causey, Lorish and White
Argued at Salem, Virginia


STANLEY WAYNE MARTIN

                                                      MEMORANDUM OPINION* BY
v.          Record No. 0086-23-3                      JUDGE LISA M. LORISH
                                                      MARCH 5, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

James C. Martin (Martin & Martin Law Firm, on brief), for
appellant.

Amanda L. Lavin, Assistant Attorney General (Jason S. Miyares,
Attorney General; M. Nicole Wittmann, Deputy Attorney General;
Susan Barr, Senior Assistant Attorney General, on brief), for
appellee.


After an annual review of Stanley Wayne Martin's civil commitment as a sexually violent

predator under Virginia's Civil Commitment of Sexually Violent Predators Act (SVPA),

Code §§ 37.2-900 to -921, the circuit court entered an order recommitting Martin under the SVPA.

Martin argues on appeal that the evidence was insufficient to prove that he remains a sexually

violent predator.  The Commonwealth presented uncontradicted expert testimony and reports,

which concluded that Martin's mental condition had not improved much compared to when he was

first found to be a sexually violent predator by the court.  In addition, two experts concluded that

Martin was not an appropriate candidate for conditional release based on his reluctance to receive

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

treatment. Therefore, we affirm the circuit court because the evidence was sufficient to show that he remains a sexually violent predator.

BACKGROUND[1]

In 1997, the circuit court convicted Martin for one count of rape and sentenced him to 15 years of incarceration. In 2016, upon the Commonwealth's petition, the court determined that Martin was a sexually violent predator under the SVPA and ordered him committed to the custody of the Department of Behavioral Health and Developmental Services (the Department) for appropriate treatment and confinement. The court recommitted Martin in 2017, 2018, 2020, and 2021.

This appeal challenges the most recent annual review from December 2022. At that review hearing, the Commonwealth's sole witness was Daniel Montaldi, Ph.D., a clinical psychologist at the Department. Dr. Montaldi completed Martin's annual review evaluation in March 2022 and an addendum in December 2022, both of which the court admitted into evidence.[2]

Dr. Montaldi diagnosed Martin with schizophrenia and antisocial personality disorder. He testified that Martin's schizophrenia could have played a role in his prior rape offense and, without proper medication, "could affect how clearly [someone] could think about the consequences of acting on [his sexual urges]" and about "the possibility of breaking the law." Additionally,

---

[1] "[W]e view the facts in the light most favorable to the Commonwealth, the prevailing party below." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Id.* (citing *Stanley v. Webber*, 260 Va. 90, 95 (2000)).

[2] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues Martin has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

Martin's antisocial personality disorder diminished in him "the emotional aversion that the average person would have toward breaking the law or violating the rights of other people." Although Martin's antisocial behavior "seem[ed] to be mellowing with age," Dr. Montaldi testified that there is not necessarily a correlation between improved behavior in a secured facility like the Virginia Center for Behavioral Rehabilitation (VCBR) and behavior in the community. Moreover, Dr. Montaldi found that Martin's condition had not "changed that much" compared to when he was first found to be a sexually violent predator by the court. He rated Martin as having an above average risk of sexual reoffending on the Static-99R actuarial assessment.

Dr. Montaldi showed particular concern about Martin's aversion to treatment. Martin was housed in the VCBR, which coordinates sex offender programming consisting of three phases, Phase III participants being the best candidates for conditional release. To advance to the next phase or maintain placement in their current phase, the resident must complete specific treatment objectives. In March and December 2022, Martin was assigned to the Overcoming Obstacles to Treatment (OOT) program, a Phase I program for residents who "refuse to participate in regular group treatment." Although OOT residents are expected to have individualized contact with VCBR staff, Martin did not attend a single session with his individual therapist in either of the two quarters preceding Dr. Montaldi's March 2022 report. Dr. Montaldi noted in March 2022 that psychotropic medication had given Martin "much greater behavioral (including sexual) control, at least in a secure setting away from minors." By December 2022, however, Martin was regularly refusing to take his medication. Without medication for his schizophrenia, Dr. Montaldi testified that Martin has "problems with coherent thinking, anticipating consequences, [and] problem solving . . . which adversely affect[s] his risk for sexual offending."

As such, Dr. Montaldi noted that "without participation in sex offender treatment, Mr. Martin cannot make progress in dealing with risk factors." As a result, Martin has made

"[i]nsufficient progress . . . to justify the opinion that Mr. Martin's mental condition has changed so fundamentally and permanently that the status of his mental disorders is now no longer what it was at time of commitment." Dr. Montaldi concluded that Martin remained a sexually violent predator and was not suitable for conditional release.

Alan T.M. von Kleiss, a board-certified clinical psychologist, provided a second opinion report, which the court admitted into evidence. Dr. von Kleiss noted a "substantial and intense worsening of [Martin's] symptoms" since he first interviewed Martin ten years before. He explained that Martin's antisocial personality disorder caused him "difficulty in controlling his predatory behavior and predisposes him to engage in sexually violent acts." He also explained that Martin's schizophrenia "played a major role in the commission of his offense against his sister as well as other inappropriate sexual acts." Even so, Dr. von Kleiss questioned whether Martin "pose[d] an ongoing risk to the community." According to Dr. von Kleiss, "ample evidence is growing to indicate that [Martin] is not likely to recidivate in the future due to his mental abnormality (psychotic condition) and in fact [h]is psychotic condition may actually be protective against sex offense recidivism in his case." Even so, like Dr. Montaldi, Dr. von Kleiss ultimately concluded that Martin remained a sexually violent predator and was not an appropriate candidate for conditional release based on his reluctance to receive treatment.

During argument, Martin argued that he did not meet the statutory criteria to be deemed a sexually violent predator. He noted his behavioral progress, such as having "no documented acts of sexually acting out." He contended that the Commonwealth had not proved that he lacked control over his sexual urges, as required by *Kansas v. Crane*, 534 U.S. 407 (2002). He also placed a portion of the blame on VCBR's reluctance to forcibly medicate him under Code § 37.2-1101. He admitted that his "mental abnormality" and "personality disorder" "probably" "ma[d]e it difficult for him to control his sexual urges." But Martin maintained that the Commonwealth had failed to

prove by clear and convincing evidence that he was likely to commit a sexually violent offense if placed on conditional release.

The court found that Martin had not made progress because he refused to participate in sex offender treatment. Accordingly, the court concluded that there was a continued risk that Martin would commit sexually violent acts if released. The court recommitted Martin to the custody of the Department.

## ANALYSIS

When reviewing a challenge to a trial court's sexually violent predator determination, this Court "will not reverse the judgment of the trial court unless it is plainly wrong or without evidence to support it." *Commonwealth v. Squire*, 278 Va. 746, 749 (2009) (citing *Higginbotham v. Commonwealth*, 216 Va. 349, 352 (1975)).

A sexually violent predator is a person who has been "convicted of a sexually violent offense" and "because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900. Once a court determines that a person is a sexually violent predator, that court must hold a review hearing every year for the first five years, and then every other year after that. Code § 37.2-910(A). On review, the Commonwealth bears the burden of proving by "clear and convincing evidence that the respondent remains a sexually violent predator." Code § 37.2-910(C). The Commonwealth can present expert testimony to meet its burden. *See Shivaee v. Commonwealth*, 270 Va. 112, 127-28 (2005). "If the court finds that the respondent remains a sexually violent predator, it shall order . . . secure inpatient hospitalization and treatment or . . . conditional[] release[]." Code § 37.2-910(D). Such determinations must "be based on the totality of the record, including but not limited to expert testimony." *DeMille v. Commonwealth*, 283 Va. 316, 318 (2012).

Martin claims that the evidence did not establish that he remained a sexually violent predator. He argues that the Commonwealth failed to show a causal connection between his schizophrenia and antisocial personality disorder and a "difficulty to control predatory behavior which would make him likely to engage in sexually violent acts." He also maintains that the Commonwealth did not meet its burden of proving that he is likely to commit sexual violence. We disagree.

A person cannot be civilly committed as a sexual offender without a lack-of-control determination.[3] *Kansas v. Crane*, 534 U.S. 407, 413 (2002). In so holding, the Supreme Court explained that there is no "particularly narrow or technical meaning" defining a "lack of control." *Id.* Such determination "will not be demonstrable with mathematical precision." *Shivaee*, 270 Va. at 124 (quoting *Crane*, 534 U.S. at 413). The analysis aims "to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case." *Id.* (quoting *Crane*, 534 U.S. at 413). Thus, "there must be a link from the finding of dangerousness to a mental abnormality or illness that makes it difficult for the person to control his dangerous behavior." *Id.* at 122 (citing *Crane*, 534 U.S. at 413).

Here, the circuit court relied on expert testimony and written reports to find a link between Martin's schizophrenia and antisocial personality disorder and his difficulty controlling his dangerous behavior. Dr. Montaldi stated that Martin's antisocial personality disorder diminished in him "the emotional aversion that the average person would have toward breaking the law or violating the rights of other people." Although his schizophrenia did not inherently cause sexual urges, it could "clearly" impact how he thought about the consequences of acting on such urges as

_____

[3] This analysis applies to statutes that have a lack-of-control requirement. *Kansas v. Crane*, 534 U.S. 407, 413 (2002). Virginia's SVPA has such as requirement. *See Shivaee*, 270 Va. at 120 (applying the analysis in *Crane* to the SVPA).

well as "the possibility of breaking the law." In addition, Dr. Montaldi found that Martin's condition had not "changed that much" compared to when he was first found to be a sexually violent predator by the court. Dr. von Kleiss also explained that Martin's antisocial personality disorder made it difficult for him to "control[] his predatory behavior and predispose[d] him to engage in sexually violent acts." His own counsel admitted that Martin's "mental abnormality" and "personality disorder" "probably" "ma[d]e it difficult for him to control his sexual urges." Therefore, we find that there was sufficient evidence to show a causal link between his mental conditions and his likelihood of committing sexually violent acts.

Moreover, Martin failed to participate in treatment, which, according to Dr. Montaldi, has impacted his ability to "make progress in dealing with risk factors." He consistently refused to take his medication, impairing his ability to think coherently, anticipate consequences, and solve problems, all of "which adversely affect[s] his risk for sexual offending." Consequently, Dr. Montaldi rated Martin as posing an above average risk of "sexual recidivism." Neither expert believed Martin was suitable for conditional release, and ultimately, both experts concluded that Martin was still a sexually violent predator.

It was not plainly wrong for the circuit court to consider those opinions in the context of Martin's original offense. Thus, the circuit court's finding that Martin remained a sexually violent predator under Code § 37.2-900 was not plainly wrong or without evidentiary support.

CONCLUSION

For these reasons, the circuit court's decision is affirmed.

*Affirmed.*