COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and Athey
Argued by videoconference

MWANDO MICHAEL AMERSON

                                              MEMORANDUM OPINION[*] BY
v.       Record No. 1070-23-1               JUDGE GLEN A. HUFF
                                                  JULY 9, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

Mark H. Branca (The Irving Law Firm, P.C., on brief), for appellant.

Susan Foster Barr, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General; M. Nicole Wittmann, Deputy Attorney
General, on brief), for appellee.


Mwando Michael Amerson ("appellant") appeals the trial court's judgment that he remains

a sexually violent predator under Code § 37.2-910. He argues that the finding was not supported by

"clear and convincing evidence." Finding no error, this Court affirms the trial court's judgment.

BACKGROUND[1]

In 1999, the Circuit Court of the City of Virginia Beach (the "trial court") convicted

appellant of attempted rape and sentenced him to five years' incarceration with four years and two

months suspended. In 2003, appellant was convicted in Washington, D.C., of second-degree child

sexual abuse and sentenced to three years' incarceration. Based on that conviction, the trial court

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] In reviewing a trial court's judgment that appellant remains a sexually violent predator, this Court "view[s] the facts in the light most favorable to the Commonwealth, the prevailing party below." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Id.* (citing *Stanley v. Webber*, 260 Va. 90, 95 (2000)).

found that appellant had violated the terms of his probation and it revoked four years and two months of his previously suspended sentence.

In 2008, the Commonwealth petitioned the trial court to civilly commit appellant under the Sexually Violent Predators Act. *See* Code § 37.2-900. Appellant stipulated that he had been convicted of a sexually violent offense and that he suffered from a mental abnormality or personality disorder that rendered it difficult for him to control his predatory behavior and made it likely that he would engage in sexually violent acts. The trial court found that appellant was a sexually violent predator but released him under the terms of a conditional release plan that permitted him to reside outside of the Commonwealth. The Commonwealth appealed, and the Supreme Court found that the Act did not provide "for the conditional release of an SVP outside the Commonwealth." *See Commonwealth v. Amerson*, 281 Va. 414, 421 (2011). On remand, the trial court conditionally released appellant under a plan that required him to reside within the Commonwealth.

The trial court subsequently found appellant in violation of the terms of his conditional release on three separate occasions. First, in June 2016, appellant's probation officer reported that appellant had committed several violations, including maintaining online social network accounts without the probation officer's approval, violating curfew, failing to be honest with the probation officer, and being evicted from his approved residence. Despite finding appellant in violation of the conditions of his release, the trial court determined that appellant remained suitable for outpatient treatment under a revised conditional release plan.

Shortly thereafter, appellant's probation officer reported that appellant continued to accrue curfew violations and had tested positive for cocaine. Following a hearing on those matters, the trial court found appellant in violation of the conditions of his release and determined that appellant was "no longer suitable for conditional release." Accordingly, the trial court revoked appellant's release

- 2 -

and remanded him to the custody of the Department of Behavioral Health and Developmental Services ("the Department") for inpatient treatment at the Virginia Center for Behavioral Rehabilitation ("VCBR"). In November 2018, the trial court determined that appellant remained a sexually violent predator and recommitted him to the Department's custody for further inpatient treatment.

In January 2020, after an annual review hearing, the trial court entered a consent order releasing appellant for outpatient treatment under the terms of a conditional release plan. In August 2020, however, appellant was charged with sexual battery for touching a 16-year-old girl's buttocks without her consent. In November 2020, appellant was convicted of assault and battery—not the charged sexual battery—and sentenced to six months in jail with three months suspended. At that time, the trial court revoked appellant's conditional release and returned him to the Department's custody for inpatient treatment.

At an annual review hearing in April 2023, Dr. Mario J.P. Dennis, a licensed clinical psychologist, opined that appellant remained a sexually violent predator. In reaching that conclusion, Dr. Dennis reviewed appellant's medical records, treatment history, progress reports, prior probation violation reports, and the transcript from the trial that resulted in appellant's November 2020 assault and battery conviction. He also interviewed appellant in April 2022 and consulted with appellant's therapist.

According to Dr. Dennis, appellant exhibited a "clear pattern" of "target[ing] teenage girls." Appellant even admitted that, in addition to his adjudicated offenses, he had "approximately 76 child victims who he ha[d] engaged in sexual acts with, and he also admitted to threatening at least three and physically forcing seven." While talking about his prior bad acts, appellant also admitted that he raped a "female peer several times at the age of 15" and "[got] girls intoxicated and had sex

- 3 -

with them while they were unconscious." He subsequently "retracted" some of his admissions, claiming that they were "taken out of context, and distorted."

Dr. Dennis diagnosed appellant with three varieties of "Other Specified Paraphilic Disorder": "Non-Consent," "Hebaphilia and Ephebophilia," and "Antisocial." He also diagnosed appellant with alcohol, stimulant, and cannabis use disorders; frotteuristic disorder;[2] and attention-deficit hyperactivity disorder ("ADHD"). Although appellant had made some progress in treating those disorders during his prior commitments, Dr. Dennis testified that appellant's recent offense against a teenage girl demonstrated that the diagnoses were "salient again." And although appellant had not demonstrated any behavior supporting his diagnoses since his recommitment, Dr. Dennis testified that appellant did not have significant opportunities to do so in the VCBR's controlled and structured environment.

At the time of the review hearing, appellant had completed his initial phase of treatment at the VCBR, was approximately nine months into his second phase of treatment, and had perfect attendance. Nevertheless, Dr. Dennis opined that appellant had not sufficiently addressed "the circumstances that led to his return" to the VCBR or "accepted responsibility" for his new offense. Dr. Dennis explained that appellant had mentioned the new offense only twice, presenting it "as a hypothetical" and commenting that he needed to avoid situations where he could "be accused of touching someone."

In Dr. Dennis's opinion, it was essential for appellant to address his "personal offense pathways" and "examine the precursors" to offending "to avoid" further criminal conduct on another conditional release. Indeed, it was a "core expectation" for appellant to "take accountability" for his "impulsive behavior" so that he could "prevent a similar event from

---

[2] Frotteuristic disorder is characterized by "grabbing or groping . . . a nonconsenting individual."

happening." Unfortunately, appellant failed to identify "relevant and meaningful internal and external high-risk factors" that lead to new sexual offenses, which included his attitude and beliefs, drug and alcohol use, and "unhealthy relationships." He had also failed to demonstrate "honesty regarding all aspects of" his "sex offending history that [were] relevant to treatment."

Using a "Static-99R" assessment tool, Dr. Dennis reevaluated appellant's risk of reoffending. The results demonstrated that appellant had a "1.94 times greater" chance of sexually reoffending "than the so-called average offender." Dr. Dennis even opined that appellant's new offense increased his risk of reoffending above that predicted by the Static-99R test and negated his prior completion of a treatment program at the VCBR. He further emphasized that appellant struggled with "impulsivity," had concealed information from his probation officers, and was "a fundamentally noncompliant, aggressive, [and] defiant individual." Because appellant had not "completely applied himself in the inpatient program at the VCBR since his return," Dr. Dennis concluded that outpatient treatment would not be sufficient to address "the issue that brought [appellant] back to the facility."

In anticipation of appellant's review hearing, Dr. Joseph Plaud, another licensed clinical psychologist, also examined appellant. Dr. Plaud reviewed relevant records and interviewed appellant twice in February 2023, but he did not consult with appellant's treating therapist. In contrast to Dr. Dennis's testimony, Dr. Plaud opined that appellant no longer suffered "from any diagnosable paraphilia or sexually-based condition or any personality disorder." He further opined that Dr. Dennis's "Other Specified Paraphilic Disorder" diagnoses were not "real diagnoses" in the Diagnostic and Statistical Manual of Mental Disorders. According to Dr. Plaud, no evidence demonstrated that appellant lacked "volitional capacity or control over his sexual impulsive behavior." Appellant's previous "successful participation in sex offender treatment" factored heavily into Dr. Plaud's opinion.

- 5 -

Dr. Plaud also emphasized appellant's lengthy success on conditional release from 2011 to 2017. Additionally, given that appellant's new conviction was for simple assault and battery, and that appellant had consistently denied that the offense was "sexually motivated," Dr. Plaud did not "think" there was "a sufficient basis to conclude that [appellant's new offense] was a sexually motivated crime." Consequently, he opined that appellant had complied with the VCBR's rules and norms and demonstrated "management of his . . . sexual behavior." Dr. Plaud ultimately concluded that appellant was amenable to outpatient treatment, as demonstrated by his success since his recommitment to the VCBR.

After the close of the evidence, the trial court held that appellant remained a sexually violent predator. This appeal followed.

ANALYSIS

Appellant argues on appeal that the trial court's finding is not supported by "clear and convincing evidence." He contends that Dr. Dennis's diagnoses and opinion relied on "historical data and past behaviors" instead of appellant's "current mental state." In support of that claim, appellant points to the fact that Dr. Dennis last interviewed him a year before the review hearing and could not identify any behavior after the 2020 offense that supported the diagnoses.

Appellant also asserts that Dr. Plaud's opinion more accurately reflected his "current mental state" because it was based on his recent successful participation in sex offender treatment at the VCBR and personal interviews conducted only two months before the review hearing. Accordingly, appellant contends that the Commonwealth failed to prove that he "presently" suffered from a mental abnormality or personality disorder that rendered it difficult for him to control his

predatory behavior and likely to engage in sexually violent acts.[3] For the following reasons, this Court disagrees and affirms the trial court's judgment.

As defined in Code § 37.2-900, a "[s]exually violent predator" is "any person who (i) has been convicted of a sexually violent offense . . . ; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." At a review hearing on a respondent's status as a sexually violent predator, the Commonwealth must prove "by clear and convincing evidence that the respondent remains a sexually violent predator." Code § 37.2-910(C). Generally, the Commonwealth must present expert testimony to meet its burden. *Commonwealth v. Squire*, 278 Va. 746, 752 (2009); *Shivaee v. Commonwealth*, 270 Va. 112, 127-28 (2005). Nevertheless, the trial court's ultimate decision regarding whether a respondent remains a sexually violent predator must "be based on the totality of the record, including but not limited to expert testimony." *DeMille v. Commonwealth*, 283 Va. 316, 318 (2012).

On appeal, this Court defers to the trial court's balancing of expert testimony and will not reverse the finding that a respondent is a sexually violent predator "unless it is plainly wrong or without evidence to support it." *Squire*, 278 Va. at 749-51 (citing *Higginbotham v. Commonwealth*, 216 Va. 349, 352 (1975)); *Shivaee*, 270 Va. at 127-28. Consistent with those principles, the Supreme Court has upheld a finding that a respondent remained a sexually violent predator where the evidence demonstrated that he "continued to deny or minimize his offenses" and struggled to make progress in treatment. *Shivaee*, 270 Va. at 127-28. The record in that case also included expert testimony that the respondent's pedophilia made it "difficult [for him] to control his predatory behavior" and "likely" that he would reoffend. *Id.* Similarly, the Supreme Court has

---

[3] Appellant's assignment of error challenges only the trial court's finding that he remains a sexually violent predator. He does not argue that the trial court erred by concluding that he did not meet the criteria for conditional release.

reversed a trial court's finding that the respondent was not a sexually violent predator when respondent demonstrated "a significant risk of committing future offenses" on risk assessment tools, unsuccessfully participated in a treatment program, and an expert testified that his pedophilia diagnosis "might prevent him from seeking treatment for his problems." *Commonwealth v. Miller*, 273 Va. 540, 552 (2007).

Here, the trial court's conclusion that appellant remained a sexually violent predator was not plainly wrong or without evidentiary support. As appellant concedes on brief, Dr. Dennis diagnosed him with "several mental abnormalities and personality disorders." Based on appellant's Static-99R assessment results and his 2020 offense for touching a teenage female's buttocks without her consent, Dr. Dennis opined that appellant had a significant risk of reoffending. Indeed, Dr. Dennis emphasized that appellant's new criminal offense demonstrated that his underlying diagnoses were "salient again" despite past treatment. He further described appellant as "a fundamentally noncompliant, aggressive, [and] defiant individual" who struggled with "impulsivity."

The record here also belies appellant's suggestion that Dr. Dennis's opinion was flawed because it was based on outdated "historical data and past behaviors." First, Dr. Dennis readily acknowledged appellant's success since his recommitment to the VCBR but explained that appellant did not have significant opportunities to reoffend in the VCBR's controlled and structured environment. Second, Dr. Dennis highlighted that appellant had never sufficiently addressed "the circumstances that led to his return" to the VCBR or "accepted responsibility" for his new offense. Being able to address his "personal offense pathways" and "examine the precursors" to offending were essential elements for appellant to satisfy in order "to avoid" further criminal conduct on another conditional release. But despite their importance, appellant failed to accomplish those tasks and did not "completely appl[y] himself in the inpatient program at the VCBR since his return."

These circumstances not only demonstrate that Dr. Dennis's expert opinion accurately reflected appellant's current mental state, but also support Dr. Dennis's conclusion that appellant remained likely to reoffend because of his mental abnormalities or personality disorders. Yet, appellant persists in arguing that Dr. Plaud's opinion more accurately reflected his "current mental state." The record, however, demonstrates that both Dr. Plaud and Dr. Dennis considered the same contemporary data in forming their opinions; they merely disagreed on what weight to assign to appellant's successes in treatment following his most recent commitment. They also disagreed on the import of appellant's 2020 conviction for touching a teenage girl's buttocks.

After considering the competing expert opinions, the trial court found that appellant remained a sexually violent predator. That judgment represents a credibility determination that this Court will not revisit. *Squire*, 278 Va. at 749-51. "If there is a conflict" in expert testimony, "and the trial court's finding is supported by credible evidence, it will not be disturbed on appeal." *Welsh v. Commonwealth*, 78 Va. App. 287, 302 (2023) (quoting *Spencer v. Commonwealth*, 240 Va. 78, 97 (1990)).

## CONCLUSION

Appellant has not demonstrated that the trial court's determination under Code § 37.2-910 was plainly wrong or without evidentiary support. Accordingly, this Court affirms the trial court's judgment that appellant remains a sexually violent predator.

*Affirmed.*