Present:  All the Justices

RAHMATOLLAH SHIVAEE

v.  Record No. 041954

COMMONWEALTH OF VIRGINIA*

          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  Everett A. Martin, Jr., Judge

                              OPINION BY JUSTICE DONALD W. LEMONS
                                      JUNE 9, 2005

ORLANDO LAWARREN BUTLER

v.  Record No. 041945

COMMONWEALTH OF VIRGINIA**

          FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                  Norman Olitsky, Judge

    In these two appeals we consider the constitutionality of

Virginia's Sexually Violent Predators Act ("SVPA"), Code

§§ 37.1-70.1 through -70.19, and whether the evidence

introduced by the Commonwealth was sufficient, by a clear and

convincing standard, to support a finding that Rahmatollah

Shivaee ("Shivaee") is a sexually violent predator.  For the

_____

        * In the trial court this case was styled "Jerry W.
Kilgore, Attorney General of Virginia, ex rel. Commonwealth of
Virginia v. Rahmatollah Shivaee." We have amended the style of
the case to reflect that the Commonwealth is the direct party
in interest, not a relator.
        ** In the trial court this case was styled "Jerry W.
Kilgore, Attorney General of Virginia, ex rel. Commonwealth of
Virginia v. Orlando Lawarren Butler." We have amended the
style of the case to reflect that the Commonwealth is the
direct party in interest, not a relator.

reasons discussed below, we will affirm the judgment of the trial court in both cases.

## I.  Facts and Proceedings Below

### A.  Shivaee v. Commonwealth

In 1996, Shivaee was convicted of four counts of aggravated sexual battery, in violation of Code § 18.2-67.3, and one count of indecent liberties, in violation of Code § 18.2-370.1.  His victims were three girls, each less than 13 years old.  He was sentenced to serve seven years of incarceration on each of the four aggravated sexual battery charges, with five years on each charge suspended, and two years on the indecent liberties charge, with one year suspended.  In 1997, Shivaee was convicted of one count of forcible sodomy, in violation of Code § 18.2-67.1, based on an incident that occurred prior to his 1996 conviction.  His victim was a boy less than 13 years old.  He was sentenced to ten years of incarceration, with eight years suspended.  Pursuant to the SVPA, the Attorney General ("Commonwealth") filed a petition seeking Shivaee's civil commitment in lieu of his release on September 17, 2003.

Pursuant to Code § 37.1-70.7, the trial court found probable cause existed that Shivaee is a sexually violent predator as defined in the SVPA and set the matter for trial.  Prior to trial, Shivaee filed a motion to dismiss the petition

2

for civil commitment on the grounds that the SVPA violates both the Fourteenth Amendment to the Constitution of the United States and Article I, section 11 of the Constitution of Virginia. The trial court denied his motion. Pursuant to Code § 37.1-70.9(B), Shivaee was tried without a jury.

At trial, Sherry Lawrence testified that Shivaee was the father of her sister's child, who was conceived when Shivaee was 57 years old and Lawrence's sister was 14 years old. Robert H. Steele, III, Shivaee's social worker in the Sex Offender Residential Treatment ("SORT") Program while Shivaee was incarcerated, testified that Shivaee did not complete the SORT Program, only "admitted to some inappropriate touching," and remained in denial as to most of his illegal interactions with children.

Evan S. Nelson, Ph.D. ("Dr. Nelson"), testified as an expert witness on behalf of the Commonwealth. Dr. Nelson stated that Shivaee has a pattern of deviant interest in children, based on four female victims – including the teenage girl he statutorily raped and impregnated – and one male victim, and diagnosed Shivaee with the mental abnormality of pedophilia. Dr. Nelson testified that the mental abnormality of pedophilia creates a risk to re-offend, and opined that inpatient treatment was more suitable for Shivaee than outpatient treatment, especially in light of Shivaee's lack of

progress in the SORT program.  Dr. Nelson testified that inpatient treatment was "the right venue to help Mr. Shivaee as well as to protect the public."

Shivaee called one witness on his behalf, John A. Hunter, Jr., Ph.D. ("Dr. Hunter").  Dr. Hunter agreed that Shivaee suffered from pedophilia and that there is a risk of recidivism with all pedophiles.  However, Dr. Hunter testified that Shivaee would be able to control his behavior with outpatient treatment.

Upon consideration of the evidence, the trial court found by clear and convincing evidence that Shivaee was a sexually violent predator and ordered his civil commitment.  Shivaee filed a timely petition for appeal, which we granted.  He assigns three errors to the judgment of the trial court:  (1) that the SVPA violates both the Fourteenth Amendment to the Constitution of the United States and Article I, Sections 8, 9, and 11 of the Constitution of Virginia; (2) that the trial court erred in ordering his civil commitment absent proof that he "had serious difficulty controlling his behavior"; and (3) that the evidence failed to satisfy the "clear and convincing" evidentiary standard.

### B.  Butler v. Commonwealth

Orlando Lawarren Butler ("Butler") was convicted of aggravated sexual battery on April 12, 2001 and was sentenced

4

by the Circuit Court of the City of Chesapeake to serve ten years of incarceration with seven years suspended. Pursuant to the SVPA, the Attorney General filed a petition seeking Butler's civil commitment in lieu of his release on August 22, 2003.

Pursuant to Code § 37.1-70.7, the trial court found probable cause existed that Butler is a sexually violent predator under the SVPA and set the matter for trial before a jury. Prior to trial, Butler filed a motion to dismiss the case on the grounds that the SVPA violates both the Fourteenth Amendment to the Constitution of the United States and Article I, Section 11 of the Constitution of Virginia. The trial court denied Butler's motion to dismiss and Butler properly noted his objection.

On March 11, 2004, a jury unanimously found by clear and convincing evidence that Butler was a sexually violent predator. On April 6, the trial court held a hearing to determine whether Butler should be civilly committed or conditionally released, and, on May 21, entered its final order that Butler be civilly committed.

Butler filed a timely petition for appeal, which we granted. Butler's only assignment of error is that the SVPA is unconstitutional. Butler advances four arguments in support of this contention: (1) the SVPA "fails to require an

independent finding of a serious difficulty in controlling behavior and thus violates substantive due process"; (2) the SVPA "fails to meet the threshold standard required for the minimum degree of difficulty required by substantive due process with respect to lack of control as [a] symptom of the mental abnormality or personality disorder for which the subject individual is diagnosed"; (3) the SVPA "is not definite and precise in its meaning and can be interpreted and applied in different ways and therefore it is void for vagueness"; and (4) the SVPA "fails to comport with the notions of due process as it does not meet the requirements of [Kansas v. Crane, 534 U.S. 407 (2002)], it is not a civil confinement statute and therefore is void as unconstitutional under the doctrines of ex post facto and double jeopardy."

II.  Analysis

A.  Standard of Review

On appeal, the constitutional arguments are questions of law that we review de novo.  Wilby v. Gostel, 265 Va. 437, 440, 578 S.E.2d 796, 798 (2003); Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002). Because the due process protections afforded under the Constitution of Virginia are co-extensive with those of the federal constitution, the same analysis will apply to both. Morrisette v. Commonwealth, 264 Va. 386, 394, 569 S.E.2d 47,

6

53 (2002); Willis v. Mullett, 263 Va. 653, 657, 561 S.E.2d 705, 708 (2002).  We review Shivaee's evidentiary challenge to determine if the judgment of the trial court was plainly wrong or without evidence to support it.  Code § 8.01-680.

### B.  Constitutionality of the SVPA

In Addington v. Texas, 441 U.S. 418, 426 (1979), the Supreme Court held: "The state has a legitimate interest under its parens patriae powers in providing care to its citizens who are unable because of emotional disorders to care for themselves; the state also has authority under its police power to protect the community from the dangerous tendencies of some who are mentally ill."  The Supreme Court has reviewed civil commitment statutes very similar to the SVPA on three occasions.  See Kansas v. Crane, 534 U.S. 407 (2002); Seling v. Young, 531 U.S. 250 (2001); Kansas v. Hendricks, 521 U.S. 346 (1997).  In each of these three cases, the Supreme Court upheld the constitutionality of the statutes in question.

In Hendricks, the Supreme Court held that the definition of "mental abnormality" in the Kansas Sexually Violent Predator Act satisfied substantive due process requirements. 521 U.S. at 356.  The Court recognized that freedom from restraint is not absolute, and that a State may "in certain narrow circumstances provide[] for the forcible civil detainment of people who are unable to control their behavior

7

and who thereby pose a danger to the public health and safety," so long as the confinement "takes place pursuant to proper procedures and evidentiary safeguards." Id. at 357. The Court considered the level of dangerousness necessary to justify indefinite involuntary civil commitment, compared the Kansas Act to other civil commitment statutes previously reviewed by the Court, and concluded:

> The Kansas Act is plainly of a kind with these other civil commitment statutes: It requires a finding of future dangerousness, and then links that finding to the existence of a "mental abnormality" or "personality disorder" that makes it difficult, if not impossible, for the person to control his dangerous behavior.

Id. at 358.

The Supreme Court also reviewed Hendricks's claim that the Kansas Act violated the Constitution's double jeopardy prohibition and its ban on ex post facto laws. Because the Kansas Act was a civil statute and was "nonpunitive," the Court held that the Kansas Act did not violate double jeopardy prohibitions and was not an ex post facto enactment. Id. at 360-71.

In Seling, Andre Brigham Young ("Young") was civilly committed pursuant to the Washington Community Protection Act of 1990, Wash. Rev. Code § 71.09.010 et seq. (1992). Seling, 531 U.S. at 253. After unsuccessful challenges to his civil commitment in state court, Young brought a habeas action under

8

28 U.S.C. § 2254 contending that the Washington Act was unconstitutional and that his confinement was illegal. 531 U.S. at 258. The district court granted the writ, "concluding that the Act violated substantive due process, that the Act was criminal rather than civil, and that it violated the double jeopardy and ex post facto guarantees of the Constitution." Id. While the case was on appeal, the Supreme Court decided Hendricks and the United States Court of Appeals for the Ninth Circuit remanded the case for reconsideration in light of Hendricks. 531 U.S. at 258.

On remand, the district court denied Young's petition. The Court of Appeals affirmed in part, reversed in part, and remanded in part. Id. at 258-59. In reversing the district court, the Court of Appeals held that the Washington Act was punitive "as applied" and therefore violated the double jeopardy and ex post facto guarantees. Id. at 258-60. The Supreme Court then reversed the Court of Appeals, and held that an act, "found to be civil, cannot be deemed punitive 'as applied' to a single individual in violation of the Double Jeopardy and Ex Post Facto Clauses and provide cause for release." Id. at 267.

In Crane, Michael Crane was determined to be a sexually violent predator and was civilly committed by a Kansas state court. 534 U.S. at 411. The Supreme Court of Kansas reversed

9

and held that <u>Hendricks</u> required a state to demonstrate a person has a complete lack of control in order to be civilly committed.  <u>Id.</u>  The Supreme Court reversed the Supreme Court of Kansas and clarified its language from <u>Hendricks</u> regarding the proof of lack of control required to determine that a person is a sexually violent predator.  The Court began by re-affirming the constitutionality of civil commitment statutes where:  (1) "the confinement takes place pursuant to proper procedures and evidentiary standards;" (2) there is a finding of "dangerousness either to one's self or to others;" and (3) proof of dangerousness is "coupled . . . with the proof of some additional factor, such as a 'mental illness' or 'mental abnormality.'"  <u>Crane</u>, 534 U.S. at 409-10 (citing <u>Hendricks</u>, 521 U.S. at 357-58).  Further, the Court emphasized the requirement stated in <u>Hendricks</u> that "links" a finding of dangerousness "to the existence of a 'mental abnormality' or 'personality disorder' that makes it difficult, if not impossible, for the person to control his dangerous behavior." <u>Crane</u>, 534 U.S. at 410 (quoting <u>Hendricks</u>, 521 U.S. at 358).

In clarifying the lack of control element required, the Court stated:

> [W]e recognize that in cases where lack of control is at issue, "inability to control behavior" will not be demonstrable with mathematical precision. It is enough to say that there must be proof of serious difficulty

> in controlling behavior. And this, when viewed
> in light of such features of the case as the
> nature of the psychiatric diagnosis, and the
> severity of the mental abnormality itself, must
> be sufficient to distinguish the dangerous
> sexual offender whose serious mental illness,
> abnormality, or disorder subjects him to civil
> commitment from the dangerous but typical
> recidivist convicted in an ordinary criminal
> case.

Crane, 534 U.S. at 413. First, Crane restated the requirements from Hendricks that civil commitment must be attended by procedural safeguards, there must be a finding of dangerousness to one's self or others, and there must be a link from the finding of dangerousness to a mental abnormality or illness that makes it difficult for the person to control his dangerous behavior. Second, Crane clarified the evidentiary burden that must be satisfied in order to show the requisite nexus between a person's condition and his lack of control and consequent dangerousness. Crane, 534 U.S. at 413.

We recently reviewed in detail the procedural aspects and evidentiary requirements of the SVPA, see Townes v. Commonwealth, 269 Va. 234, 609 S.E.2d 1 (2005); McCloud v. Commonwealth, 269 Va. 242, 609 S.E.2d 16 (2005); and Commonwealth v. Allen, 269 Va. 262, 609 S.E.2d 4 (2005), and will not do so again for purposes of this opinion. A brief summary in light of the requirements of Crane will suffice.

11

Pursuant to Code § 37.1-70.9, "[t]he [trial] court or jury shall determine whether, by clear and convincing evidence, the person who is the subject of the petition is a sexually violent predator."  A "sexually violent predator" is

> [A]ny person who (i) has been convicted of a
> sexually violent offense or has been charged
> with a sexually violent offense and is
> unrestorably incompetent to stand trial
> pursuant to § 19.2-169.3 and (ii) because of a
> mental abnormality or personality disorder,
> finds it difficult to control his predatory
> behavior which makes him likely to engage in
> sexually violent acts.

Code § 37.1-70.1.  A "mental abnormality" or "personality disorder" is defined as "a congenital or acquired condition that affects a person's emotional or volitional capacity and renders the person so likely to commit sexually violent offenses that he constitutes a menace to the health and safety of others."  Id.

The SVPA survives constitutional scrutiny because it satisfies the criteria most recently stated by the Supreme Court in Crane.  First, there are proper procedures and evidentiary safeguards.  See, e.g., Code §§ 37.1-70.2, -70.5, -70.6, -70.7, -70.8, and -70.9; see also McCloud, 269 Va. at 252-56, 609 S.E.2d at 21-23 (reviewing the procedures which must be followed by the Commonwealth in order to have a person who has been convicted of a sexually violent offense declared to be a sexually violent predator and to have that person

12

involuntarily committed to a secure mental health facility upon his release from prison).

Second, the SVPA satisfies the requirement that there be a finding of dangerousness either to one's self or to others. Under the SVPA, a finding that a person is a sexually violent predator includes the finding that the person has a mental abnormality or personality disorder, which is further defined as "a congenital or acquired condition that affects a person's emotional or volitional capacity and renders the person so likely to commit sexually violent offenses that he constitutes a menace to the health and safety of others." Code § 37.1-70.1 (emphasis added).

Finally, proof of dangerousness and lack of control is linked to the condition of the person. For a person to be found to be a "sexually violent predator," the Commonwealth must show that "because of a mental abnormality or personality disorder, [the person] finds it difficult to control his predatory behavior which makes him likely to engage in sexually violent acts." Code § 37.1-70.1.

Both Shivaee and Butler contend the SVPA is constitutionally infirm because the statute only requires proof that a person "finds it difficult" to control his behavior and fails to require "serious difficulty," a term used in Crane. They are correct that the Supreme Court used

13

the phrase "serious difficulty in controlling behavior." See Crane, 534 U.S. at 413. But the Supreme Court also used the phrases "special and serious lack of ability to control behavior," id., and "particularly difficult to control their behavior." Id. at 414. The use of various phrases underscores the Supreme Court's clear direction that "the States retain considerable leeway in defining the mental abnormalities and personality disorders that make an individual eligible for commitment." Crane, 534 U.S. at 413 (citing Hendricks, 521 U.S. at 359). The Court expressly stated, "we recognize that in cases where lack of control is at issue, 'inability to control behavior' will not be demonstrable with mathematical precision." Crane, 534 U.S. at 413. The object of the definitions and proof requirements is "to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case." Id. We are convinced that the SVPA in its definitions and proof requirements accomplishes this objective.

In addition to the arguments discussed above, Butler advances the argument that the SVPA is "void for vagueness." He maintains that the language is indefinite and that people of "ordinary intelligence" must guess at its meaning. His

14

argument is predicated upon a strained attempt to find multiple meanings in the portion of the definition of a sexually violent predator that recites "because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior which makes him likely to engage in sexually violent acts." Apparently Butler finds multiple interpretations of this language, primarily because he focuses only on the text of that portion of the definition and fails to consider the language in context of other definitions.

The definition of sexually violent predator in Code § 37.1-70.1 makes specific reference to "mental abnormality" or "personality disorder," a term also defined in that section. When the language is considered in context, its meaning is quite clear. A "mental abnormality" or "personality disorder" is defined as "a congenital or acquired condition that affects a person's emotional or volitional capacity and renders the person so likely to commit sexually violent offenses that he constitutes a menace to the health and safety of others." Such a definition includes a causal link between the condition and the potential consequences of the condition, namely, lack of control and dangerousness. Importantly, the definition is personalized because it focuses upon "the person" whose commitment is at issue. Because a

15

finding that the person is a sexually violent predator includes the predicate finding of a "mental abnormality" or "personality disorder," a fortiori, the determination requires, first, the finding of a condition affecting emotional or volitional capacity and, second, the finding that the particular person subject to commitment is rendered by that condition "so likely to commit sexually violent offenses" that he is dangerous. While the additional language in the definition of sexually violent predator ("finds it difficult to control his predatory behavior which makes him likely to engage in sexually violent acts") may be redundant, its meaning in context of other definitions in the SVPA is not unclear.

Significantly, even under the multiple and strained interpretations Butler tries to give the statute, he does not argue that his conduct fails to be reached. As such, Butler argues hypothetically. In Commonwealth v. Hicks, 267 Va. 573, 596 S.E.2d 74 (2004), we observed:

> A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.

Id. at 580-81, 596 S.E.2d at 78 (quoting Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95 (1982)).

16

C.  Double Jeopardy and Ex Post Facto

For many of the same reasons enumerated by the Supreme Court in Hendricks, we hold that the SVPA does not violate the double jeopardy prohibition or the ban on ex post facto laws. The SVPA was codified by the General Assembly as a civil statute, as indicated by its placement in Title 37.  Nothing in the SVPA "suggests that the legislature sought to create anything other than a civil commitment scheme designed to protect the public from harm."  Hendricks, 521 U.S. at 361.

The SVPA, like the statutory scheme examined in Hendricks, "does not implicate either of the two primary objectives of criminal punishment:  retribution or deterrence."  521 U.S. at 361-62.  Pursuant to Code § 37.1-70.10(A), if a person is found to be a sexually violent predator, he is civilly committed "for control, care and treatment until such time as the person's mental abnormality or personality disorder has so changed that the person will not present an undue risk to public safety."  The General Assembly, through the SVPA, "may take measures to restrict the freedom of the dangerously mentally ill."  Hendricks, 521 U.S. at 363.  That the General Assembly chose to afford the procedural protections provided in the SVPA, see, e.g., Code §§ 37.1-70.2, -70.5, -70.6, -70.7, -70.8, -70.9, "does not transform a civil commitment proceeding into a criminal

17

prosecution." Hendricks, 521 U.S. at 364-65. Thus, the SVPA is a non-punitive, civil commitment statute and as such does not violate the guarantees against double jeopardy or ex post facto lawmaking.

D.  Clear and Convincing Evidentiary Standard

The Supreme Court of the United States clearly stated that the "clear and convincing" evidentiary standard is the minimum standard that may be used in a civil commitment proceeding. Addington, 441 U.S. at 432-33. An "individual's interest in the outcome of a civil commitment proceeding is of such weight and gravity that due process requires the state to justify confinement by proof more substantial than a mere preponderance of the evidence." Id. at 427. The "beyond a reasonable doubt" standard "is inappropriate in civil commitment proceedings because, given the uncertainties of psychiatric diagnosis, it may impose a burden the state cannot meet and thereby erect an unreasonable barrier to needed medical treatment." Id. at 432. Thus, the "clear and convincing" standard "strikes a fair balance between the rights of the individual and the legitimate concerns of the state." Id. at 431.

Whether to adopt a standard greater than clear and convincing "is a matter of state law," id. at 433, for "[t]he essence of federalism is that states must be free to develop a

18

variety of solutions to problems and not be forced into a common, uniform mold." Id. at 431. We recognize that some other jurisdictions have adopted the "beyond a reasonable doubt" standard for their sexually violent civil commitment statutes. See, e.g., Ariz. Rev. Stat. 36-3707(A) (2004); Cal. Welf. & Inst. Code § 6604 (2005); 725 Ill. Comp. Stat. 205/3.01 (2005). However, for the Commonwealth of Virginia, the General Assembly adopted the clear and convincing evidentiary standard. Code § 37.1-70.9(C). It is settled that this standard meets the demands of due process and that the decision to adopt this standard has been left to the states. See Addington, 441 U.S. at 432-33. We hold that the use of the clear and convincing evidentiary standard for purposes of the SVPA satisfies constitutional requirements of due process.

E.  Sufficiency of Evidence in Shivaee Case

Shivaee was found to be a sexually violent predator at the conclusion of a bench trial. In accordance with established principles of appellate review, we view the facts in the light most favorable to the Commonwealth, the prevailing party below. We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence. Stanley v. Webber, 260 Va. 90, 95, 531 S.E.2d 311, 314 (2000);

19

Evaluation Research Corp. v. Alequin, 247 Va. 143, 147, 439 S.E.2d 387, 390 (1994).

On appeal, Shivaee concedes that he has been convicted of and is incarcerated for a sexually violent offense. Shivaee argues there was not sufficient evidence that he suffered from a mental abnormality as defined by the SVPA and that there was no evidence he was likely to engage in sexually violent acts. A review of the evidence adduced at trial refutes his contentions.

Shivaee was convicted of four sexually violent offenses against four separate victims, three girls and one boy, in less than a five-year period. Shivaee also statutorily raped and impregnated another girl and attempted to hide this information from the SORT Program, Dr. Nelson, and Dr. Hunter. Shivaee continued to deny or minimize his offenses despite treatment in the SORT Program, and he never completed the SORT Program. Shivaee offended against both sexes, was not related to any of his victims, and planned the enticement and seduction of each of his victims.

In light of this evidence, both experts agreed that Shivaee is a pedophile and is a risk to re-offend. Dr. Nelson stated, "The diagnosis of which I can express professional certainty is that he meets criteria for pedophilia." He stated that Shivaee's behavior "is indicative of a more

predatory pattern of sex offender," and that Shivaee "has a likelihood of having another sex offense, specifically a sexually violent offense as defined here." In summarizing his testimony regarding Shivaee's diagnosis of pedophilia and related predatory behavior, the following exchange occurred between the attorney for the Commonwealth and Dr. Nelson:

> Q. And, again, to a reasonable degree of psychological certainty do you hold an opinion as to whether [Shivaee] has difficulty controlling that [predatory] behavior?
>
> A. Yes.
>
> Q. And what is your opinion?
>
> A. He absolutely has difficulty in my opinion.

Dr. Hunter also diagnosed Shivaee as a pedophile, but opined that Shivaee "is not likely to commit a new sexual offense."

The experts disagreed as to the course of treatment. Dr. Nelson said Shivaee "is not going to make, in my opinion, adequate progress on an outpatient basis. Look how little progress he has made in two years of being in an inpatient program thus far." Because of his diagnosis as a pedophile, and his lack of progress in the SORT Program, Dr. Nelson recommended inpatient treatment based on his belief that Shivaee is a threat to the public. Dr. Hunter stated that Shivaee "is amenable to community-based [outpatient]

21

treatment."  He based this conclusion on his belief that Shivaee could control his behavior.

In light of this evidence, we cannot say that the judgment of the trial court was plainly wrong or without evidence to support it.  Shivaee did not dispute that he was incarcerated upon a conviction for a sexually violent offense. Shivaee was clearly diagnosed with the mental abnormality of pedophilia by both experts and there was clear and convincing evidence that because of this mental abnormality Shivaee "finds it difficult to control his predatory behavior, which makes it likely that he will engage in sexually violent acts."

### III.  Conclusion

We hold that the SVPA comports with all constitutional requirements of due process and is not unconstitutional.  The judgment of the trial court concerning the sufficiency of the evidence with respect to Shivaee was not plainly wrong or without evidence to support it.  The judgment of the trial court will be affirmed in both Shivaee v. Commonwealth and Butler v. Commonwealth.

Record No. 041954 – Affirmed.
Record No. 041945 – Affirmed.

22