COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Causey and Chaney


EDWARD N. FURBY, SOMETIMES KNOWN AS
 EDWARD NATHANIEL FURBY

                                                  MEMORANDUM OPINION[*]
v.       Record No. 1133-24-1                      PER CURIAM
                                                   JUNE 17, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Susan Barr, Senior Assistant
Attorney General; Erin Dugan Whealton, Senior Assistant Attorney
General, on brief), for appellee.


Edward Nathaniel Furby ("Furby") appeals the decision of the Circuit Court of York County

("trial court") determining that Furby remains a sexually violent predator under Code § 37.2-910.

On appeal, Furby contends that the evidence failed to show that he "would find it difficult to

control his predatory behavior or be likely to engage in sexually violent acts." Finding no error in

the trial court's judgment, we affirm.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);
Rule 5A:27(a).

I. BACKGROUND[2]

In 1974, Furby was charged with attempted rape before pleading guilty to contributing to the delinquency of a minor. Three years later, Furby was convicted of attempted rape and maiming. In 2006, Furby was charged with rape and sodomy before pleading guilty to contributing to the delinquency of a minor.

In 2008, as Furby was nearing release from incarceration, the Commonwealth petitioned the trial court to involuntarily commit him under the Civil Commitment of Sexually Violent Predators Act. *See* Code §§ 37.2-900 to -921. Following a trial on the petition, the court determined that Furby was a sexually violent predator as defined under that statute. As a result, in January of 2010, the trial court ordered that Furby be committed indefinitely to the custody of the Department of Behavioral Health and Developmental Services ("DBHDS"). After being in the custody of DBHDS since 2010, the trial court conducted its most recent statutorily required biennial review hearing in June of 2024 to determine whether Furby remained a sexually violent predator and if he could be conditionally released to outpatient treatment. Code § 37.2-910.

Dr. Mario Dennis ("Dr. Dennis"), a forensic psychologist at the Virginia Center for Behavioral Rehabilitation ("VCBR"), evaluated Furby and prepared a report of his findings. Upon evaluating Furby, Dr. Dennis diagnosed him with antisocial personality disorder, several substance abuse disorders, and borderline intellectual functioning. Dr. Dennis opined that Furby's personality disorder "affects . . . [his] emotional and/or volitional capacity." Dr. Dennis

---

[2] When a respondent appeals a trial court's judgment that he is a sexually violent predator, this Court "view[s] the facts in the light most favorable to the Commonwealth." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Id.*

The record in this case was partially sealed. Accordingly, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

also concluded that this disorder, "by causing him difficulty controlling his predatory behavior, [it] predisposes him to engage in sexually violent acts." Dr. Dennis also testified that Furby's actuarial risk assessment was above average, putting him at a higher risk of recidivism.

Dr. Dennis explained that Furby had steadfastly refused sex offender treatment for years and was "still only marginally involved in the low-demand [Overcoming Obstacles to Treatment] Program." By refusing to participate in sex offender treatment, Dr. Dennis opined that Furby was unable to "address important treatment concepts, such as internal and external risk factors, thinking errors, offense pathways, [and] risk management strategies." While Dr. Dennis commended Furby for "ma[king] behavioral progress since his last . . . review," he explained that "he continues to avoid meaningful treatment and is dismissive of VCBR's treatment program." In the conclusion of his report, Dr. Dennis described Furby as "essentially an untreated sex offender" and opined that Furby remained a sexually violent predator who "needs continued intensive inpatient treatment at VCBR."

In addition, Dr. Alan von Kleiss ("Dr. von Kleiss") conducted "a second opinion evaluation" on Furby. Dr. von Kleiss further opined that based on his evaluation, "Furby's personality disorder seems to render him likely to engage in future sexually violent actions." Dr. von Kleiss emphasized that "Furby's repeated demands or expectations that he be given a chance to prove himself in the community while failing miserably within the confines of VCBR lack[ed] merit, and . . . should not be taken seriously or even considered remotely possible." Dr. von Kleiss also opined in his report that Furby remained a sexually violent predator who required "continued intensive inpatient treatment."

During both evaluations, Furby argued that he was "showing self-regulation" and "believes he is doing what is necessary to justify release." Furby also asserted that "he was not guilty of the offenses that brought him . . . to VCBR" and "indicated he was noncompliant with

treatment expectations in large part because of the requirement to admit to his history of sex offending behavior." "Furby maintain[ed] that he did not commit his offenses and [did] not belong at VCBR." Also, "[h]e flatly denies sexually offending and made harsh, demeaning comments about his last victim."

On June 24, 2024, the trial court conducted the review hearing. At the hearing, Dr. Dennis provided an update on Furby's behavior in the intervening months since his evaluation. He noted that in the first quarter of 2024, Furby attended "90 percent of his overcoming obstacles to treatment sessions with his therapist, which [was] good," and his behavior was "relatively satisfactory." He also testified that Furby still refused to participate in sex offender treatment. Dr. Dennis explained that Furby's antisocial personality disorder was connected to his sexual offenses and continued to manifest in his "opposition[] and defiance" to participate in sex offender treatment. Dr. Dennis maintained his opinion that Furby was a sexually violent predator who required secure inpatient treatment. Dr. Dennis concluded his update by recommending that Furby needed to re-enter sex offender treatment and make serious progress before he would recommend Furby's release.

Dr. Dennis agreed that Furby's behavior had improved over the two-year evaluation period, and he showed "some better adjustments and better accommodation to redirection from the staff." In addition, Dr. Dennis acknowledged that he did not recollect and that he had not received any reports of Furby "engaging in prohibited sexual behavior at the facility," or "inappropriate relationships with staff," unlawful behavior, physical aggressiveness within the past several years, or possessing "dangerous contraband." Dr. Dennis further testified that Furby had been "verbally aggressive with staff" on several occasions but that was not a consistent problem; he generally was not disruptive. Dr. Dennis agreed that Furby's substance abuse disorders did not predispose him to engage in sexually violent acts but explained that using drugs

- 4 -

or alcohol could "raise the risk" of Furby reoffending. He also knew of no reports of Furby using drugs or alcohol while committed and acknowledged that increased age generally reduces the risk of recidivism. Asked whether Furby's ability to "refrain from any sexually inappropriate behaviors for at least 18 years" suggested Furby could "control [himself] and refrain from sexually violent behavior," Dr. Dennis replied that "it certainly is a positive step." But he noted VCBR's "structured environment" with staff "who can not only provide support, but provide additional structure, [and] redirection." Dr. Dennis then concluded that VCBR is "not a true test of how [Furby] might react in the community."

Furby then argued that he had demonstrated "he is able to refrain . . . from sexually predatory behavior or sexually violent acts" because he had done so for the past 18 years. He noted that expert opinions are not dispositive. Furby contended that the Commonwealth did not connect his personality disorder to evidence that he was likely to commit a sexually violent act.

After considering the evidence and argument of counsel, the trial court found that Furby remained a sexually violent predator and was not suitable for release. The court was "mindful" that VCBR's "structured setting" and "controlled environment [is] much different than the community where one can come and go and do as he or she pleases." The trial court also credited Dr. Dennis and Dr. von Kleiss's opinions on Furby's progress and potential to reoffend. The trial court ordered Furby's continued commitment to DBHDS for treatment. Furby appealed.

## II. ANALYSIS

A. *Standard of Review*

On appeal, we defer to the trial court's balancing of expert testimony. *See Commonwealth v. Squire*, 278 Va. 746, 751 (2009); *Shivaee v. Commonwealth*, 270 Va. 112,

127-28 (2005).  We "will not reverse the judgment of the trial court unless it is plainly wrong or without evidence to support it."  *Squire*, 278 Va. at 749.

> B.  *The evidence in the record was sufficient from which the trial court could conclude Furby remained a sexually violent predator.*

Furby contends that because the record contained evidence showing he had made progress in his treatment and had not committed sex-related infractions while he was incarcerated and civilly committed that the trial court erred in determining he was still a sexually violent predator.  We disagree.

A "[s]exually violent predator" is "any person who (i) has been convicted of a sexually violent offense . . . ; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts."  Code § 37.2-900.  At a review hearing, the Commonwealth must prove "by clear and convincing evidence that the respondent remains a sexually violent predator."  Code § 37.2-910(C).  Whether a respondent remains "a sexually violent predator likely to engage in sexually violent acts is to be based on the totality of the record, including but not limited to expert testimony."  *DeMille v. Commonwealth*, 283 Va. 316, 318 (2012).

Here, Furby contends that his lack of sex-related offenses and institutional infractions while incarcerated and civilly committed demonstrates he can control his predatory behavior and refrain from engaging in sexually violent acts.  Yet Furby's lack of recent sexual offenses did not change either Dr. Dennis's or Dr. von Kleiss's opinions that he is a sexually violent predator who should be participating in intensive treatment.  As Dr. Dennis explained, VCBR's "structured environment" is "not a true test of how [Furby] might react in the community."  Dr. von Kleiss recommended rejecting Furby's "demands . . . that he be given a chance to prove himself in the community while failing miserably within the confines of VCBR," asserting such "should not be taken seriously or even considered remotely possible."  Both experts noted Furby's steadfast refusal to participate in

sex offender treatment, which is driven by his continued denial of his sexual offenses. Also, contrary to Furby's contention, both experts connected Furby's antisocial personality disorder with his likelihood of engaging in sexually violent acts if released.

The trial court noted that VCBR's "controlled environment [is] much different than the community" and credited both experts' opinions. We "will not substitute [our] judgment on the credibility of a witness for that of the circuit court." *Commonwealth v. Jackson*, 276 Va. 184, 197 (2008). After considering the evidence and arguments, the trial court found that Furby remained a sexually violent predator. *DeMille*, 283 Va. at 318. We also note that decades passed between Furby's second and third sex offense convictions. Thus, he has committed a new sex offense after a prior period of abstention. Accordingly, the trial court's finding that Furby remained a sexually violent predator is neither plainly wrong nor without evidentiary support. *Squire*, 278 Va. at 749; *Shivaee*, 270 Va. at 127-28.

### III. CONCLUSION

For the foregoing reasons, we find no error. Therefore, the trial court's judgment is affirmed.

*Affirmed.*