COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Senior Judge Humphreys

CHAD A. THURSTON

                                    MEMORANDUM OPINION[*] BY

v.      Record No. 0348-25-3        JUDGE MARY BENNETT MALVEAUX
                                          SEPTEMBER 16, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Shannon T. Sherrill, Judge

(Dana R. Cormier; Dana R. Cormier, P.L.C., on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Susan Foster Barr, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Following an annual review hearing, the trial court found that Chad A. Thurston

("appellant") remains a sexually violent predator (SVP) and recommitted him to the custody of the

Department of Behavioral Sciences and Developmental Services (the Department). On appeal,

appellant argues the evidence failed to demonstrate that he remains an SVP. Finding no error,

we affirm the trial court's judgment.

BACKGROUND

When reviewing a trial court's determination that a respondent is a sexually violent predator,

"we view the facts in the light most favorable to the Commonwealth, the prevailing party below."

*Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005). "We also accord the Commonwealth the

benefit of all inferences fairly deducible from the evidence." *Id.*

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

In February 2000, appellant was convicted of rape, in violation of Code § 18.2-61; attempted rape, in violation of Code § 18.2-61; and attempted forcible sodomy, in violation of Code § 18.2-67.1. In 2009, after his release, the trial court revoked appellant's remaining suspended sentence and resentenced him to five years of active incarceration. In January 2013, the Attorney General petitioned for appellant's civil commitment under the Sexually Violent Predators Act, Code §§ 37.2-900 to -921 (the Act).

Prior to the hearing on the petition, clinical psychologist Dr. Glenn Rex Miller performed a mental health examination of appellant and diagnosed him with paraphilia, polysubstance dependance, and personality disorder with antisocial traits. In Miller's opinion, these diagnoses affected appellant's volitional capacity and made him likely to commit sexually violent offenses. At the hearing in October 2013, appellant consented to being adjudged an SVP and committed to the Department for treatment.

In 2017, the trial court ordered appellant's conditional release under Code §§ 37.2-910(D) and -912. About a year later, the trial court convened to find whether appellant had violated the terms of his suspended sentence,[1] and whether he had violated the conditions of his conditional release. The trial court revoked appellant's suspended sentence and resentenced him to three years' active incarceration. The trial court also found he had violated the conditions of his release and recommitted him to the custody of the Department under the Act.

At appellant's annual review hearing in December 2024, clinical psychologists Dr. Julio Ramirez and Dr. Ilona Gravers gave substantially similar expert testimony about their respective evaluations of appellant. Both assessed his risk of re-offending; Gravers used the Static-99R actuarial table as a baseline and then considered dynamic factors, while Ramirez analyzed dynamic risk factors alone. Both testified that appellant's impulsive behavior and inability to self-

---

[1] Appellant was still serving the suspended sentence from his convictions in 2000.

regulate were significant factors in their determinations that appellant presented a risk of re-offending. Gravers believed the likelihood appellant would re-offend was "above average." Ramirez noted that appellant's personality disorder, and its effect on his volitional capacity, "predisposes him to commit criminal acts" involving sex offenses.

Both experts also noted that appellant had signed himself out of sex offender treatment[2] multiple times, and at one point refused to participate in treatment unless he was able to work with a different therapist. Overall, he was failing to meet important treatment objectives. He was confrontational with staff, claiming he was being mistreated, and would levy "paranoid accusations that held no water." Appellant lacked empathy, did not take responsibility for his behavior, and blamed other people for his problems. And although he had made some progress, he still had significant work to do and was "not allowing himself to move forward" with treatment.

Further, while appellant showed no signs of physical violence or sexually inappropriate behavior while in an "externally controlled environment" such as prison or a Department facility, he had displayed problematic behavior while on conditional release. During that time, appellant exhibited a lack of "sexual self-control" by engaging with multiple "impersonal" sexual partners. His personality disorder manifested through his "breaking rules," keeping nude images on his phone, and maintaining an "intimate relationship" with a minor while on probation. Ultimately, both Ramirez and Gravers believed that appellant remained an SVP and needed continued inpatient treatment.

Based on this evidence, the trial court found that appellant had issues with "impulsivity" and "self-control" due to his personality disorder. The court credited the experts' opinions concerning how appellant's personality disorder might affect his behavior in society. Although acknowledging

---

[2] Due to appellant's lack of participation, he was placed in a program for individuals who had withdrawn from treatment called Overcoming Obstacles to Treatment.

that it had been more than 26 years since appellant was convicted of a sexually violent offense and that he had been incarcerated or civilly committed for most of that period, the trial court noted that appellant's compliance while on conditional release had been "very poor," specifically in regards to "having sexual relations with an underage person." The trial court found that appellant remains an SVP and ordered him to be recommitted. This appeal followed.

## ANALYSIS

Appellant argues that the evidence does not support the trial court's finding that he remains an SVP, because it fails to show that his personality disorder continues to make him likely to commit a sexually violent offense.[3]

At an annual review hearing, the Commonwealth has the burden of establishing "by clear and convincing evidence" that the respondent remains an SVP. Code § 37.2-910(C). We review appellant's evidentiary challenge only "to determine if the judgment of the trial court was plainly wrong or without evidence to support it." *Shivaee*, 270 Va. at 120-21.

An SVP is "any person who (i) has been convicted of a sexually violent offense . . . and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900. The determination of whether appellant is likely to engage in sexually violent acts "is an issue of fact to be determined by the court . . . upon consideration of the whole record." *DeMille v. Commonwealth*, 283 Va. 316, 325 (2012). And a finding that a respondent remains an SVP

---

[3] Appellant also argues that he does not present an "undue" risk of re-offending. He conflates the argument that he does not meet the definition of an SVP, the issue raised in his assignment of error, with a statutory factor used to determine a respondent's eligibility for conditional release. *See* Code § 37.2-912(A)(iv). But appellant has not assigned error to the trial court for its conditional release determination. *See* Rule 5A:20(c)(1) ("Only assignments of error listed in the brief will be noticed by this Court."); *see also Simmons v. Commonwealth*, 63 Va. App. 69, 75 n.4 (2014) (declining to consider an argument that "was neither presented at trial nor the subject of the assignment of error"). Because appellant does not assign error to the trial court's denial of conditional release, we do not address this argument.

must be "based on the totality of the record, including but not limited to expert testimony." *Id.* at 318.

Here, appellant was previously adjudged an SVP. Since then, he demonstrated difficulty with impulsivity and self-control because of his personality disorder, which also affected his volitional capacity. Expert testimony established that appellant's inability to "self-regulate" presented a major risk factor that he would commit future sexual offenses. And appellant's argument that neither Ramirez nor Gravers "opined []or even considered" the likelihood that appellant would re-offend is not supported by the record: both experts testified as to their analysis of his risk for re-offending, and Gravers concluded that the risk was "above average."

Though the trial court acknowledged the lapse in time since appellant had been convicted of a sexually violent offense, appellant had been confined for most of that period. During his eight-month period of conditional release, appellant exhibited problematic behavior that reflected how he might continue to behave when not in a controlled environment, namely, disregarding the rules and conditions of his conditional release, and engaging with multiple sexual partners, one of whom was a minor. Both Ramirez and Gravers concluded that appellant remains an SVP and continues to require inpatient treatment. Based on these expert opinions, and the evidence they presented regarding appellant's behavior, the trial court found that appellant remained an SVP. Upon consideration of the whole record viewed in the light most favorable to the Commonwealth, we cannot say this finding was plainly wrong or unsupported by the evidence.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*