COURT OF APPEALS OF VIRGINIA

Present:     Judges Ortiz, Causey and Callins
Argued by videoconference

UNPUBLISHED

MICHAEL BRUMFIELD

MEMORANDUM OPINION[*] BY
v.          Record No. 0079-25-3                       JUDGE DANIEL E. ORTIZ
                                                       NOVEMBER 25, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

Charles E. Haden for appellant.

Timothy M. Davidson, Assistant Attorney General (Jason S.
Miyares, Attorney General; Theophani K. Stamos, Deputy Attorney
General; Susan Foster Barr, Senior Assistant Attorney General, on
brief), for appellee.


Michael Brumfield appeals the trial court's judgment that he remains a sexually violent predator under Code § 37.2-910.[1] On appeal, Brumfield argues that the trial court erred in relying solely on his personality disorder diagnosis to find that he is "likely to engage in sexually violent acts" under Code § 37.2-900. Additionally, Brumfield contends that his lack of new sexually violent offenses since his predicate offense rebuts the experts' opinions that he would have difficulty controlling his predatory behavior. Finding no error, we affirm.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The trial court entered a consent order releasing Brumfield for outpatient treatment under the terms of a conditional release plan. Brumfield does not challenge this aspect of the trial court's judgment.

BACKGROUND[2]

In 2002, when Brumfield was 17 years old, he pleaded guilty to misdemeanor sexual battery of a 12-year-old boy. Then, in 2007, the trial court convicted Brumfield of forcible sodomy after he inserted his penis into his two-year-old nephew's mouth. The trial court sentenced him to ten years' incarceration with six years suspended. Brumfield explained that he was babysitting his niece and nephew and "exploded" when his nephew would not listen to him. He wanted to humiliate and "punish [his nephew] in a way [his nephew] would never forget." Brumfield knew it was "sadistic," but justified it to himself because he had been similarly punished by his father and other authority figures in his life. Brumfield admitted that he had "no business being alone with children because [he could] be an asshole" and could "objectify anyone [into being a sex object]."

As Brumfield neared the completion of his incarceration, the Commonwealth petitioned the trial court to involuntarily commit him under the Civil Commitment of Sexually Violent Predators Act. *See* Code §§ 37.2-900 to -921. The trial court found that Brumfield was a sexually violent predator; he was released under a conditional release plan in 2011. In June 2014, Brumfield's probation officer reported that he failed "to comply with probation instructions and treatment objectives related to viewing pornographic material." Brumfield "admitt[ed] to being addicted to pornography" and lied to his probation officer about his pornography use. After a hearing, the trial court found that Brumfield violated the conditions of his release, revoked his conditional release, and committed him to the custody of the Department of Behavioral Health and Developmental Services (the Department) for inpatient treatment.

---

[2] The record in this case was partially sealed. "To the extent that this opinion discusses facts found in sealed documents in the record, we unseal only those facts." *Brown v. Va. State Bar ex rel. Sixth Dist. Comm.*, 302 Va. 234, 240 n.2 (2023).

At his annual review, Brumfield stipulated that he remained a sexually violent predator, and in March 2017, the trial court entered a consent order releasing Brumfield for outpatient treatment under the terms of a conditional release plan. Within three months, Brumfield violated the conditions of his release. He engaged in "sexual acts with a massage therapist," placed an advertisement for "an 'emotional companion'" in a local newspaper, removed his GPS ankle monitor, and absconded from Virginia. Brumfield stipulated that he violated the conditions of his release and should be recommitted to the Department for inpatient treatment. Accordingly, the trial court entered a consent order recommitting him to the Department in January 2018.

At Brumfield's next annual review, he stipulated that he remained a sexually violent predator, and in March 2020, the trial court entered a consent order releasing him for outpatient treatment under the terms of a conditional release plan. In April 2021, Brumfield's probation officer reported that he had tested positive for morphine. Brumfield stipulated that he violated the conditions of his release by testing positive for the drug and lying about his drug use to his probation officer. That summer, the trial court entered a consent order finding that Brumfield remained suitable for conditional release.

In September 2022, Brumfield's probation officer again reported to the trial court that Brumfield had violated the conditions of his release. Brumfield stipulated that he "creat[ed] a YouTube channel and engag[ed] in on-line gaming without permission," lied about accessing the internet to his probation officer, "possess[ed] unauthorized electronic devices," "ha[d] sexual contact with unreported partners," and "possess[ed] on his electronic devices sexually explicit images and videos of himself engaging in sexual relations with unidentified females." Brumfield agreed that this conduct violated the conditions of his release and that he was no longer suitable for conditional release. Accordingly, in November 2022, the trial court entered a consent order revoking his conditional release and recommitting him to the Department for inpatient treatment.

After a review hearing in 2023, the trial court determined that Brumfield remained a sexually violent predator and was not eligible for conditional release.

Before the recent review hearing, Drs. William T. KcKenna and Ilona Gravers, both licensed clinical psychologists, evaluated Brumfield and concluded that he remained a sexually violent predator. Both doctors diagnosed Brumfield with Other Specified Personality Disorder, with antisocial traits,[3] and two substance abuse disorders that are in remission. Dr. McKenna explained that Brumfield's personality disorder "manifested in deficits in interpersonal functioning, impulse control and emotional self-regulation," noting Brumfield's life-long history of criminal behavior and rule breaking, his evident impulsiveness and "difficulty managing sexual impulses," and that Brumfield "historically lacked remorse for his behavior and operated in a self-serving manner." Dr. McKenna was concerned about Brumfield's "attract[ion] to be[ing] powerful over others," but did not believe he required another year of inpatient treatment, and this "risk" could be managed in an outpatient setting. Dr. Gravers made similar observations, opined that Brumfield's "mental abnormalities contribute to his risk to commit sexual offenses," and concluded he was at a "moderate" risk of reoffending. Dr. Gravers also observed that Brumfield struggled with regulating his sexual impulses and "has had distorted thinking that allowed him to offend and violate his conditions," both of which would need to continue to be addressed in the community.

At the review hearing, Dr. McKenna reiterated his opinion that Brumfield was a sexually violent predator and acknowledged Brumfield's positive behavior while committed. Nonetheless, Dr. McKenna explained that a personality disorder is "not always active" and a person may "present differently" when situations demand it, but the disorder is "always there." Brumfield's behavior while committed was but "one piece of th[e] very complex puzzle" of whether he remained a sexually violent predator.

---

[3] Dr. McKenna also classified Brumfield's disorder as exhibiting narcissistic traits.

After argument from counsel, the trial court found that Brumfield remained a sexually violent predator. The court found that Drs. McKenna and Gravers "considered all th[e] data and [gave] reasonable opinions based on that data," specifically that Brumfield had "a personality disorder and . . . has difficulty controlling the predatory behavior," "which makes him likely to engage in acts in the community." The trial court later entered a consent order releasing Brumfield for outpatient treatment under the terms of a conditional release plan. Brumfield appeals, challenging the finding that he remains a sexually violent predator.

## STANDARD OF REVIEW

When a respondent appeals a trial court's judgment that he is a sexually violent predator, this Court "view[s] the facts in the light most favorable to the Commonwealth." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Id.* We "will not reverse the judgment of the trial court unless it is plainly wrong or without evidence to support it." *Commonwealth v. Squire*, 278 Va. 746, 749 (2009).

## ANALYSIS

On appeal, Brumfield argues that the trial court improperly weighed the evidence to conclude that he remains a sexually violent predator. First, Brumfield contends the trial court improperly relied only on his personality disorder diagnosis to find that he is "likely to engage in sexually violent acts." Code § 37.2-900. Second, Brumfield asserts that his lack of criminal history since the predicate offense in 2007 refutes any finding that he "finds it difficult to control his predatory behavior." We disagree.

- 5 -

A "[s]exually violent predator" is "any person who (i) has been convicted of a sexually violent offense[4] . . . ; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900. At a review hearing, the Commonwealth must prove "by clear and convincing evidence that the respondent remains a sexually violent predator." Code § 37.2-910(C). "[T]he mere use of the phrase mental abnormality or personality disorder does not automatically invoke a conclusion that a respondent is likely to engage in sexually violent acts." *Squire*, 278 Va. at 752. Rather, the court must find that "particular elements of the respondent's mental disorders . . . made the respondent likely to engage in sexually violent acts." *Id*.

When determining whether a respondent meets the criteria for classification as a sexually violent predator, we reject a formulaic approach and instead look at whether the record as a whole "supports such a determination by the trier of fact." *DeMille v. Commonwealth*, 283 Va. 316, 321 (2012) (whether a respondent remains "a sexually violent predator likely to engage in sexually violent acts is to be based on the totality of the record, including but not limited to expert testimony"); *Squire*, 278 Va. at 751 (holding that the expert opinion, while persuasive, is not dispositive to establish that respondent is likely to commit violent sexual acts). Relevant factors include expert reports and testimony as well as the respondent's behavioral history. *See Squire*, 278 Va. at 751; *Commonwealth v. Miller*, 273 Va. 540, 552 (2007).

A holistic review of the record supports the trial court's finding that Brumfield remains a sexually violent predator. First, both Dr. McKenna and Dr. Gravers diagnosed Brumfield with "Other Specified Personality Disorder, with antisocial traits," a diagnosis that "meets § 37.2-900's definition of an acquired personality disorder." Dr. McKenna explained that individuals with this

---

[4] It is uncontested that Brumfield's forcible sodomy conviction constitutes a "sexually violent offense" under Code § 37.2-900.

- 6 -

diagnosis "frequently lack empathy, and tend to be callous, cynical, and contemptuous of the feelings, rights and sufferings of others." Brumfield's diagnosis manifests in "deficits in interpersonal functioning, impulse control, and emotional self-regulation." As Dr. McKenna explained, that Brumfield did not present obvious symptoms of this disorder and exhibited good behavior during his most recent commitment does not mean he no longer suffers from the disorder. Rather, Brumfield has a demonstrated history of progressing when committed for treatment and subsequently relapsing on conditional release.

While Brumfield's diagnosis alone is not dispositive as to whether he remains a sexually violent predator, the experts' reports demonstrate that Brumfield's mental disorder makes him likely to re-engage in sexually violent acts. Both experts noted that Brumfield's diagnosis results in "risk-taking" behavior and leads to "difficulty managing sexual impulses." Dr. Gravers explained that Brumfield has a "history of law and rules violation" and "has struggled with sexual self-control throughout his life." That Brumfield has not been charged with or convicted of new offenses is not dispositive. Indeed, as Dr. McKenna wrote in her risk assessment, Brumfield's "antisocial cognitions" or "attitudes, beliefs, justifications, or excuses that can facilitate sexual offending" "both historically and currently" remain a risk. The trial court relied on the experts' "reasonable opinions based on [the historical] data" to conclude that Brumfield's personality disorder makes him likely to engage in sexually violent acts. Such determination is supported by the record and entitled to deference on appeal. *Squire*, 278 Va. at 749-51; *Commonwealth v. Jackson*, 276 Va. 184, 197 (2008) (We "will not substitute [our] judgment on the credibility of a witness for that of the circuit court."). Thus, the trial court did not err by finding that Brumfield's personality disorder "makes him likely to engage in sexually violent acts." Code § 37.2-900.

Second, the record contains ample evidence that Brumfield "finds it difficult to control his predatory behavior." *Id.* On conditional release, Brumfield repeatedly failed to adhere to

restrictions related to sexual conduct. For example, he "engaged in inappropriate sexual behavior of sexual contact with his massage therapist[,] . . . considered paying a prostitute for sex when stressed," and "made videos engaging in sexual contact with multiple partners." Additionally, probation officers have found unauthorized electronic devices in Brumfield's home, and monitoring software revealed that he had taken "pornographic and sexually explicit images" with several partners despite "telling the supervising officer he had no sexual partners." While Brumfield correctly notes that he has not been charged with a subsequent sexually violent offense, he has a history of violating his conditional release by engaging in prohibited sexual conduct. Thus, the trial court did not err finding that Brumfield "finds it difficult to control his predatory behavior."

When considering whether a respondent remains a sexually violent predator the trial court must consider the record as a whole. *DeMille*, 283 Va. at 318. Accordingly, we will not disturb the trial court's holding when, as is the case here, the respondent's past behavior on conditional release, psychological evaluations, and expert testimony demonstrate that he meets the definition of sexually violent predator under Code § 37.2-900.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*

- 8 -